*1047 LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority opinion, which reverses the decision of the Armed Services Board of Contract Appeals (the “Board”) and extends Boeing North American, Inc. v. Roche, 298 F.3d 1274 (Fed.Cir.2002), to reach the facts of this case. I believe that such an extension is unwarranted given the different factual background of the instant action.
In Boeing, this court faced the question of which standard should apply for determining the allowability of settlement costs of a shareholder derivative suit. That derivative suit, referred to as the Citron suit, was brought by private parties and alleged a breach of fiduciary duty by directors and officers of a corporation for “failing to establish internal controls sufficient to- insure that the [corporation's business was carried on in a lawful manner.” 298 F.3d at 1277 (quoting the complaint, alteration in original). Specifically, the parties agreed that “five instances of underlying misconduct” were involved in the Citron suit: (1) a civil suit brought by the government under the False Claims . Act; (2) criminal charges brought by the government for making false statements; (3) government allegations of defective pricing that resulted in indictments for fraud, mail fraud, and willfully making false statements and that, ultimately, led to a guilty plea to two counts of the indictment; (4) a civil qui tarn suit, brought on behalf of the government under the False Claims Act; and (5) allegations of hazardous waste dumping and other environmental law violations. Id. Thus, although the lawsuit brought by private parties that resulted in settlement was on its face based on breach of fiduciary duty, four of the five instances of underlying misconduct involved false statements or fraud.
After determining that no regulation specifically addressed whether the defense costs of the Citron lawsuit were or were not allowable, the Boeing court concluded that the costs were not “similar” to costs specifically disallowed under the Federal Acquisition Regulations (“FAR”) but were “related to” disallowed defense costs for a suit that resulted in criminal convictions of the directors. Id. at 1286-87. But, given that there was no judicial determination of wrongdoing because the parties settled, the Boeing court then had to determine whether the settlement costs of the Citron suit were allowable.
' The court found that the regulations did not provide a blanket rule that stated that settlement costs for a private litigation should be disallowed if the costs for an unsuccessful defense of such a suit would have been disallowed. Boeing, 298 F.3d at 1287-88. The court presumed, however, that meritorious suits should be treated differently from those that lacked merit and looked to the FAR for guidance as to whether the settlement costs of the Citron suit were allowable:
The regulations suggest that where a private suit is involved an inquiry is necessary to determine whether the plaintiff was likely to prevail. This approach is most clearly reflected in the FAR regulations’ treatment of settlements of private suits brought under the False Claims Act where the government does not intervene. Such costs may be allowable if the contracting officer determines that there was “very little likelihood that the third party [plaintiffs] would have been successful on the merits.”
Id. at 1288 (quoting FAR § 31.205-47(c)(2), 48 C.F.R. § 31.205-47(c)(2)) (other citations omitted, alteration in original). The Boeing court concluded that the very little likelihood of success standard from FAR § 31.205-47(c)(2) was “an appropriate standard for private suits in the present context.” Id. The Boeing court held, *1048 quoting the exact language of FAR § 31.205 — 47(c)(2), that “[f]or the costs to be allowable in a settlement situation (where the' costs of an unsuccessful defense would be disallowed), Boeing must show that the allegations in the Citron action had Very little likelihood of success on the merits.’ ” Id. at 1288-89.
It is clear to me from the analysis in Boeing that the very little likelihood of success standard, which is found in the FAR only in § 31.205-47(c)(2), was a far more “appropriate standard” for the facts of that case than for the present situation. FAR § 31.205-47(c)(2) specifically applies to “settlement of any proceeding brought by a third party under the False Claims Act in which the United States did not intervene.” It does not apply to any and all settlements of lawsuits brought by private parties involving any and all types of allegations. As discussed above, the private suit that settled in Boeing involved several instances of fraudulent behavior and the making of false statements, including a qui tam suit brought under the False Claims Act. Clearly, the fact that FAR § 31.205^f7(c)(2) specifically addresses a private suit under the False Claims Act lends support to the Boeing court’s decision to utilize the very little likelihood of success language from that regulation as the standard of allowability of the settlement costs of the Citron suit.
Unlike Boeing, however, the case at hand does not present the same opportunity for analogizing to qui tam cases brought under the False Claims Act. There is no néxus between the facts of the private suit in this case, a sexual harassment suit filed by a former employee, and a lawsuit brought by a third party on behalf of the government that alleges fraud or similar misconduct. To apply Boeing here would be extending the reach of that decision, which looked to the very little likelihood of success language in a far more similar set of circumstances to what FAR § 31.205-47(c)(2) actually covers, to apply to any settlement of a lawsuit brought by a private party when the costs of an unsuccessful defense would be disallowed. Such an extension, in my opinion, is unwarranted given the specific applicability of FAR § 31.205-47(c)(2) to private suits brought under the False Claims Act in which the government does .not intervene, and I believe the Board was correct in refusing to apply the Boeing standard in this case.
A final thought: Determining the likelihood of success in a law suit is not so easily done. If it were, we would not have so many suits, appeals, and reversals of decisions in our legal system generally. It is one thing to have that standard be a criterion for allowability of costs in defending a suit when fraud against the government is alleged. It is quite another to have that standard be the criterion in a suit involving two private parties, even when the subject matter relates to a government contract. The government has an interest in setting a higher barrier for the allowability of settlement costs when it is the party allegedly being defrauded, and may in fact be suing for that fraud, than when it is two private parties who are contending. I therefore recoil from judicially extending that difficult-to-apply likelihood of success rule beyond its current borders. Finally, the whole point of a settlement generally is that neither party is assured of success and the law favors settlement of such disputes. Thus, I do not believe we as a court should extend the Boeing application of a regulation to settlements beyond fraud cases, where the government’s interest is especially compelling.
For the foregoing reasons, I respectfully dissent.